Merserole *v.* Merserole.

JOHN MERSEROLE v. CATHARINE MERSEROLE.

The county in which the obligor resides, and the court to which the appeal is made, ought to be specified in the appeal bond. The appellee is entitled at least to the ordinary degree of certainty in the designation of the persons who are bound to him.

Catherine Merserole had obtained a judgment against John Merserole in the court for the trial of small causes, which was removed by the defendant to the Court of Common Pleas of the county of Middlesex. On moving the trial, the court of Common Pleas dismissed the appeal " on account of deficiency in the appeal bond, the county not being mentioned in the bond." These proceedings were moved into this court by certiorari.

*Nevius* for plaintiff in certiorari.

*Mollison* for defendant.

The opinion of the court was delivered by Justice Drake.

DRAKE, J. The appeal, in this case, was dismissed on account of defects in the appeal bond. The place of residence of the obligors was no further specified than that they were of the State of New Jersey; and the condition was to prosecute the appeal to the next superior Court of Common Pleas *of said county.* The omission of the county in the first part of the bond, thus rendering the subsequent reference to it wholly vague and uncertain.

There can be no doubt but that the last objection is fatal.— The court to which the appeal is made should be specified. And

I am of opinion also, that the first omission was such a blemish in the bond, as would alone have justified the dismissal of the appeal. It did not indeed wholly invalidate the obligation, but the question is, whether it remained such, that the obligee was bound to accept it. He is entitled, at least, to the ordinary degree of certainty in the designation of the persons who are bound to him. But this bond does not contain that degree of certainty. It departs from the ordinary form, and in a particular which may lead to mistakes and inconvenience in its prosecution. It affords greater opportunity for imposition on the courts, and the parties interested. The reasoning of the court in the case of *Sutphin* v. *Hardenbergh*, 5 *Halst.* 288, is applicable to this case. And I am of opinion that the Court of Common Pleas did right in not sanctioning this departure from the usual, convenient, and well established form of a bond.

Besides, the act requires that a bond shall be given, with at least one sufficient surety, being *a freeholder in the county.* The practice, I admit, is not to cause this to appear in full upon the face of the bond; but should we not continue to come at least as near to it as has been usual, by requiring it to appear that the surety is of the proper county ?